**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RICHARD P. SHULTZ,**                )  | |
|                                                            )  | |
|     **Plaintiff,**                   ) | |
|                                                            )  | |
|     v.                                  ) | Case No. 1:16-cv-94-MHT-PWG |
|                                                            )  | |
| **AETNA LIFE INSURANCE**       ) | |
| **COMPANY and L-3**               ) | |
| **COMMUNICATIONS WELFARE** ) | |
| **PLAN**                                      ) | |
|                                                            )  | |
|     **Defendants.**              ) | |

**REPORT AND RECOMMENDATION**

On February 12, 2016, Plaintiff Richard P. Shultz filed this civil action in this court against Aetna Life Insurance Company ("Aetna") and L-3 Communications Welfare Plan ("the Plan")(collectively, "Defendants"). All claims are brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Before the court is Defendants' partial motion to dismiss. (Doc. 17). The motion is fully briefed and taken under submission on the record and without oral argument. For the reasons stated herein, the Magistrate Judge recommends that Defendants' motion is due to be **GRANTED** in part and **DENIED** in part.

## I.     JURISDICTION

On February 16, 2016, the above-styled matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 4); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).  The court has subject matter over this dispute pursuant to 28 U.S.C. § 1331.  Personal jurisdiction and venue are not contested by the parties, and the court finds sufficient information of record to support both.

## II.    ALLEGATIONS IN THE COMPLAINT

Plaintiff began work for L-3 Communications Corporation ("L-3") in December 2003 as a Field Engineer III and continued in his employment until he received a diagnosis of bladder cancer in July 2013. (Doc. 15 at ¶¶ 39-41).  Plaintiff also suffers from several other conditions including chronic blood clotting in his lungs, complications from surgery, chronic fatigue, and memory loss. (Doc. 15 at ¶¶ 42-45). Plaintiff's last day of work with L-3 was July 23, 2013. (Doc. 15 at ¶46).

Aetna is a foreign corporation incorporated in Connecticut, which served as a fiduciary, underwriter, and claims administrator for the Plan, which is an employee welfare benefit plan as defined by ERISA. (Doc. 15 at ¶¶ 22-38). Plaintiff was a beneficiary under the Plan. (Doc. 15 at ¶ 34). Plaintiff applied for short-term disability benefits with Aetna under the Plan, which were paid through the end of that

benefit period. (Doc. 15 at ¶ 48). Thereafter, Plaintiff applied for long-term disability benefits which he received from October 22, 2013, through October 21, 2015. (Doc. 15 at ¶¶ 49-52). In October 2015, the Defendants terminated Plaintiff's long-term benefits and waiver of premium under his life insurance policy, alleging that the Defendants believed Plaintiff could return to work in a sedentary occupation and was therefore no longer disabled. (Doc. 15 at ¶¶ 52-54). Plaintiff appealed the decision to terminate his benefits, and Defendants confirmed their decision to deny further benefits to Plaintiff under the Plan. (Doc. 15 at ¶¶ 67-68).

On February 12, 2016, Plaintiff filed a Complaint in this court against the Defendants. On March 30, 2016, Plaintiff amended his complaint, alleging three counts:

> Count I - Relief under 29 U.S.C. § 1132(a). (Doc. 15 at ¶¶ 104-15).
>
> Count II - Breach of Fiduciary Duty against Aetna under 29 U.S.C. §§ 1332, 1104, and 1105. (Doc. 15 at ¶¶ 116-22).
>
> Count III - Breach of Fiduciary Duty against the Plan under 29 U.S.C. §§ 1332, 1104, and 1105. (Doc. 15 at ¶¶ 123-31).

## III. STANDARD OF REVIEW

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## IV.   DISCUSSION

### A. Claims Pursuant to 29 U.S.C. § 1132(a)(3)

Defendants first argue that "Plaintiff's breach of fiduciary duty claims (Count II and Count III) should be dismissed because they are duplicative and repackaged

claims for benefits." (Doc. 18 at p.6).  Specifically, Defendants argue that an ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(b) cannot alternatively plead and proceed under Section 502(a)(3). (Doc. 18 at pp.8-9). In response, Plaintiff argues that he is entitled to bring equitable claims in the alternative and that "a motion to dismiss is a premature vehicle for testing their propriety." (Doc. 23 at p.9).

ERISA provides that a person may bring a civil action " to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  ERISA also provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

The Supreme Court addressed the issue of individual claims for equitable relief for violations of ERISA fiduciary duties in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), stating:

> a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents. See § 404(a)(1)(D); Dept. of Labor, Interpretive Bulletin 75-8, 29 CFR § 2509.75-8 (1995) "[A] plan employee who has the final authority to authorize or disallow benefit payments in cases where a dispute exists as to the interpretation of plan provisions ... would be a fiduciary"); *Moore v. Reynolds Metals*

> *Co. Retirement Program*, 740 F.2d 454, 457 (C.A.6 1984); *Birmingham v. SoGen-Swiss Intern. Corp. Retirement Plan*, 718 F.2d 515, 521-522 (C.A.2 1983). And, as the Court pointed out in *Russell*, 473 U.S., at 144, 105 S.Ct., at 3091, ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, one that is outside the framework of the second subsection and cross-referenced § 409, and one that runs directly to the injured beneficiary. § 502(a)(1)(B).

*Varity*, 516 U.S. at 511–12. The Supreme Court further reasoned:

> Four of that section's six subsections focus upon specific areas, i.e., the first (wrongful denial of benefits and information), the second (fiduciary obligations related to the plan's financial integrity), the fourth (tax registration), and the sixth (civil penalties). The language of the other two subsections, the third and the fifth, creates two "catchalls," providing "appropriate equitable relief" for "any" statutory violation. This structure suggests that these "catchall" provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy. And, contrary to Varity's argument, there is nothing in the legislative history that conflicts with this interpretation. See S.Rep. No. 93-127, p. 35 (1973), 1 Leg. Hist. 621 (describing Senate version of enforcement provisions as intended to "provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of [ERISA]"); H.R.Rep. No. 93-533, at 17, 2 Leg. Hist. 2364 (describing House version in identical terms).

*Varity*, 516 U.S. at 512.

The Eleventh Circuit has interpreted *Varity* to indicate that the availability of adequate remedy under 29 U.S.C. § 1132(a)(1)(B) bars alternate pleading under § 1132(a)(3):

> The district court dismissed Counts II through IV of Mrs. Katz' complaint without examining the merits of her equitable claims. See also Part II supra. Under its interpretation of *Varity*, it concluded that an

> ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B), cannot alternatively plead and proceed under § 1132(a)(3). See *Varity*, 116 S.Ct. at 1078–79. Therefore Mrs. Katz was limited to her section (a)(1) claim. The district court based its holding upon two reasons: (1) that Congress had provided adequate relief for Mrs. Katz' alleged injury elsewhere; and (2) that section (a)(3) was merely meant to be a "catchall" provision, providing relief only for injuries not otherwise adequately provided for by ERISA. *Katz*, 985 F.Supp. at 1161. This circuit has interpreted Varity similarly. See *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352–53 n. 4 (11th Cir.1998) (where a panel of this circuit allowed an insurance company to assert an equitable claim under § 1132(a)(3) only because the insurer had no other available remedy under § 1132(a)(1)).

*Katz v. Comprehensive Plan Of Grp. Ins.*, 197 F.3d 1084, 1088–89 (11th Cir. 1999).

The Eleventh Circuit has further held:

> As we recently explained in *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284 (11th Cir.2003), and as *Varity* itself makes clear, "[t]he central focus of the *Varity* inquiry involves whether Congress has provided an adequate remedy ... *elsewhere in the ERISA statutory framework*." *Id*. at 1288 (internal quotations omitted) (emphasis added); see also *Varity*, 516 U.S. at 515, 116 S.Ct. at 1079 (stating inquiry as whether "Congress elsewhere provided adequate relief for a beneficiary's injury") (emphasis added). Thus, for purposes of establishing whether the Appellants had stated a claim under Section 502(a)(3), the district court should have considered whether the allegations supporting the Section 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of the Appellants' allegations supporting their other claims.

*Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073–74 (11th Cir. 2004)(emphasis in original). Accordingly, the central issue under Rule 12(b)(6), Fed. R. Civ. P., in reviewing whether Plaintiff has stated "a claim upon which relief can

be granted" under Section 502(a)(3) in Counts II and III is "whether the allegations supporting the Section 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of the ... allegations supporting their other claims." *Jones*, 370 F.3d at 1073-74. *See also Poole v. Life Ins. Co. of N. Am.*, 984 F. Supp. 2d 1179, 1187 (M.D. Ala. 2013)("According to *Jones*, the relevant question is whether the allegations supporting [a] § 1132(a)(3) breach of fiduciary duty claim would also support a cause of action under § 1132(a)(1)(B). *See Jones*, 370 F.3d at 1073 (citing *Varity*, 516 U.S. at 512, 515, 116 S.Ct. 1065).").

In this case, Plaintiff pleaded Count II "in the alternative against Aetna" under the assertion that "Aetna did not discharge its fiduciary duties with the care, skill, prudence and diligence that a prudent man acting in a like capacity or familiar with such matters would have used *as set forth above*. Therefore, Aetna breached its fiduciary duties as set forth within 29 U.S.C. § 1104." (Doc. 15 at ¶¶ 117, 121)(emphasis added). Count II did not assert any specific fiduciary duty which Aetna breached other than stating that "Aetna is charged with certain duties as a fiduciary of the Plan, to include those duties set forth within 29 U.S.C. § 1104." (Doc. 15 at ¶ 120). Plaintiff pleaded Count III "in the alternative against the Plan" and stated that "this count is a means by which the Court may award Plaintiff his ancillary benefits should the Plan fail to provide them as a result of a finding of liability under

Count I." (Doc. 15 at ¶¶ 124-25). In all other material respects, Count III is identical to the assertions in Count II with the substitution of "the Plan" for "Aetna," including the final paragraph of Counts II and III which both state:

> As a direct and proximate result of Aetna's failure to carry out its duties as a fiduciary of the Plan pursuant to 29 U.S.C. § 1104, Plaintiff has been damaged in an amount equal to the amount of the benefits to which Plaintiff would have been entitled under the Plan, and in the amount equal to future benefits payable while Plaintiff remains disabled under the terms of the Plan, to the cost of coverage and amount of coverage afforded under the voluntary life, voluntary life and AD&D coverage as well as the continued group life coverages, as well as additional damages to be proven at the trial of this matter.

(Doc. 15 at ¶¶ 122,131). Plaintiff's assertions in the last paragraph of Count I are largely identical to Coun:

> As a direct and proximate result of the conduct of Defendants in failing to provide benefits for Plaintiff's disability and/or terminating benefits, and in failing to provide a full and fair review of the decision to deny benefits and/or terminate benefits, Plaintiff has been damaged in the amount equal to an amount of benefits to which Plaintiff would have been entitled under the Plan, in an amount equal to future benefits payable while Plaintiff remains disabled under the terms of the Plan, to the cost of coverage and amount of coverage afforded under the voluntary life, voluntary life and AD&D coverage as w ell as the continued group life coverages, and additional damages to be proven in the trial of this matter.

(Doc. 15 at ¶ 115).

Plaintiff admits that "Counts I, II, and III rely on the facts alleged in the Complaint," but argues that the "First Amended Complaint contains numerous allegations that support its breach of fiduciary duty claims that are unnecessary for

successfully asserting the straight benefit claims. For instance, the Complaint alleges that Defendants refused to provide relevant documentation, misled Plaintiff regarding his obligations under the Plan, and that their failure to pay ERISA benefits may have led to the lapse or default of ancillary plans that may or may not be covered under ERISA." (Doc. 23 at p.7). However, the relevant inquiry is not whether a plaintiff has alleged evidence in support of a Section 502(a)(3) claim that could be viewed separately from evidence necessary to support a cause of action under Section 502(a)(1)(B). On the contrary, any evidence that Plaintiff has alleged in support of his Section 502(a)(1)(B) claim in Count I is irrelevant to the inquiry under *Varity*, even when, as here, the relief sought is the same under all three causes of action. (Doc. 15 at ¶¶ 115, 122, and 131). *See Jones*, 370 F.3d at 1073–74 ("Thus, for purposes of establishing whether [a plaintiff has] stated a claim under Section 502(a)(3), the district court should ... consider[] whether the allegations supporting the Section 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of the [plaintiff's] allegations supporting their other claims.").

Accordingly, to the extent that Plaintiff has alleged "that Defendants refused to provide relevant documentation, misled Plaintiff regarding his obligations under the Plan, and that their failure to pay ERISA benefits may have led to the lapse or default of ancillary plans that may or may not be covered under ERISA," (Doc. 23 at

p.7), the relevant inquiry is whether those facts would support a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Assuming, as the First Amended Complaint alleges, that the Defendants failed to provide relevant documentation to Plaintiff and misled him regarding his obligations under the Plan, and further assuming that such allegations constitute a violation of Plaintiff's "rights under the terms of the plan," those claims would be specifically contemplated by § 1132(a)(1)(B). Further, assuming, as the First Amended Complaint alleges, that Defendants failure to pay ERISA benefits may have led to the lapse or default of ancillary plans that may have been covered under ERISA, those facts would support a claim "to recover benefits due to him under the terms of his plan" under § 1132(a)(1)(B). Moreover, to the extent that Defendants' denial of "ERISA benefits may have led to the lapse or default of ancillary plans that ... may not be covered under ERISA," none of the causes of action stated in First Amended Complaint provide relief for plans outside of the statutory framework of ERISA. *See Varity*, 516 U.S. at 514 ("[C]haracterizing a denial of benefits as a breach of fiduciary duty does not necessarily change the standard a court would apply when reviewing the administrator's decision to deny benefits."). Accordingly, because the Plaintiff's allegations supporting his Section 502(a)(3) claims in Counts II and III were also sufficient to state a cause of action under Section 502(a)(1)(B), Defendant's

motion to dismiss Counts II and III is due to be granted.[2]

## B. Failure to Plead a Plausible Claim for Counts II and III

Defendants also argue that "Plaintiff failed to plead anything more than conclusory statements in Count II and Count III; therefore, his fiduciary breach claims are insufficient to survive under *Twombly* and *Iqbal*." (Doc. 18 at p.11). However, viewing Plaintiff's factual allegations in the First Amended Complaint as true and construing them in the light most favorable to Plaintiff, those claims would be sufficient to state a cause of action under Section 502(a)(1)(B), and are therefore otherwise due to be dismissed as recommended above.

## C. Failure to Exhaust Administrative Remedies

Defendants next argue that the First Amended Complaint shows that Plaintiff "failed to exhaust administrative remedies with respect to alleged ancillary benefits

---

[2]Plaintiff argues that "[n]umerous cases from Alabama have found that equitable claims are validly made in the alternative and that a motion to dismiss is a premature vehicle for testing their propriety" and cites three cases. (Doc. 23 at p.10). However of the three cases Plaintiff cites, two specifically rule on the merits of motions to dismiss, one of which actually stands for the opposite proposition for which Plaintiff cited it. *See Poole*, 984 F. Supp. 2d at 1189 (on motion to dismiss claim seeking relief for breach of fiduciary duty under ERISA: "To the extent that Defendants' motions request dismissal or judgment on Count II on the grounds that it is insufficiently pleaded, the motions will be denied."); and *Newton v. Hartford Life & Acc. Ins. Co.*, No. 7:14-CV-02210, 2015 WL 1498868, at *3 (N.D. Ala. Mar. 30, 2015)("when the (a)(1)(B) and (a)(3) claims are based upon the same factual predicate, it is appropriate to dismiss the duplicative (a)(3) claim."). Moreover, none of the cases cited by Plaintiff for that proposition are binding authority.

in Count I..." (Doc. 18 at p.11). Specifically, Defendants argue that

> there are no specific allegations that Plaintiff made claims with or exhausted the appeals process in regards to any benefit plan other than the LTD Plan or life waiver of premium ("LWOP") benefits insured by Aetna. If Plaintiff had exhausted his administrative remedies, including his claims for alleged ancillary benefits in Count I ... Defendants ... would have had an opportunity to consider and review his arguments and there would be a more well-developed record for the Court to review.

(Doc. 18 at p.13). However, none of the parties identify which, if any, ancillary benefits are at play or which, if any, administrative remedies Plaintiff failed to exhaust. Moreover, Plaintiff alleged that he "has exhausted all Plan remedies" (Doc. 15 at ¶ 103), and Defendants fail to identify any specific remedy that Plaintiff should have exhausted. Accordingly, Defendants' motion to dismiss as to this issue is due to be denied.

### D. Ancillary Benefits in Count I

Lastly, Defendants argue that "[a]llowing Plaintiff to seek additional benefits beyond LTD and LWOP benefits in Count I (allegedly linked to his entitlement to LTD benefits (FAC, ¶ 78)) and to maintain breach of fiduciary duty claims under Section 502(a)(3) based on the facts at issue and alleged - particularly without exhausting administrative remedies - would be contrary to one of ERISA's primary purposes." (Doc. 18 at p.13). As noted above, Plaintiff's claims in Counts II and III are due to be dismissed, and Defendants' motion to dismiss portions of the First

Amended Complaint for failure to exhaust administrative remedies is due to be denied for failure to identify any specific remedy that Plaintiff should have exhausted. This leaves Defendants arguing that Plaintiff should not be allowed to seek relief for benefits "beyond LTD and LWOP benefits in Count I." *Id*. However, Count I states that "Defendants denied Plaintiff's benefits to which he was entitled under the terms of the employee welfare benefit plan/insurance policy or policies by refusing to provide or discontinuing payment of benefits" and that

> Plaintiff has been damaged in the amount equal to an amount of benefits to which Plaintiff would have been entitled under the Plan, in an amount equal to future benefits payable while Plaintiff remains disabled under the terms of the Plan, to the cost of coverage and amount of coverage afforded under the voluntary life, voluntary life and AD&D coverage as well as the continued group life coverages, and additional damages to be proven in the trial of this matter.

(Doc. 15 at ¶¶ 109 and 115). Count I states a claim seeking damages for "benefits to which Plaintiff would have been entitled under the Plan." *Id*. Defendants have not argued that Plaintiff has not stated a claim for benefits under the Plan, but seek to limit the extent of those benefits via a motion to dismiss. Whether any of the allegedly denied benefits for which Plaintiff seeks under the Plan are "ancillary" or beyond "LTD and LWOP" is a disputed issue of fact and therefore inappropriate for disposition on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. Accordingly, Defendants' motion to dismiss on this issue is due to be denied.

## V.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Defendants' motion to dismiss (Doc. 17) be **GRANTED** in part and **DENIED** in part.  As to Counts II and III of the First Amended Complaint, it is recommended that those counts be **DISMISSED WITH PREJUDICE**.  In all other respects it is **RECOMMENDED** that the motion be **DENIED**.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **September 9, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 25th day of August, 2016.

    /s/ Paul W. Greene  
United States Magistrate Judge