# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD P. SHULTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:16-cv-94-MHT-DAB |
| ) | |
| **AETNA LIFE INSURANCE** ) | |
| **COMPANY and L-3** ) | |
| **COMMUNICATIONS WELFARE** ) | |
| **PLAN** ) | |
| ) | |
| **Defendants.** ) | |

## SUPPLEMENT TO REPORT AND RECOMMENDATION

On July 13, 2017, the undersigned entered a Report and Recommendation regarding Plaintiff's claims brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). (Doc. 158). In the Report, the undersigned found that "[b]oth parties could and should have used the administrative proceedings to more fully develop the record with the details they now wish to rely on for their respective positions," and recommended that "the appropriate remedy is remand with the opportunity to complete the record and obtain a new decision." (Doc. 158 at 13).

On July 27, 2017, Defendant, L-3 Communications Welfare Plan ("L-3 Plan") filed an Objection to the Report and Recommendation, specifically arguing that

1

"[t]he Report failed to address the argument that the plain terms of the L-3 Plan prevent any recovery of VAD&D, GUL or other ancillary benefits by Plaintiff in this action." (Doc. 159 at 3). However, as was stated in the Report and Recommendation, "the record is unsatisfactory and both sides are entitled in the first instance to an administrative decision based on a proper record." (Doc. 158 at 13). Accordingly, it is the further recommendation of the undersigned that issues regarding ancillary benefits as discussed in the Objection should be deferred for consideration after a proper decision is reached as to LTD, based upon an administrative decision reached with the benefit of proper administrative proceedings and a full and complete record.

**DONE** and **ORDERED** this 16th day of October 2017.

David A. Baker
United States Magistrate Judge